| | | | |
|---|---|---|---|
| AUSA: | Craig Wininger | Telephone: | (313) 226-9100 |
| Special Agent: | Paul Staso | Telephone: | (313) 965-2323 |

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Jabari McMullin

Case No.   Case: 2:26−mj−30050
Assigned To : Unassigned
Assign. Date : 1/30/2026
Description: CMP USA V.
MCMULLIN (DJ)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 28, 2026__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2119 | Carjacking |
| 18 U.S.C. § 924(c) | Discharging a firearm in furtherance of a crime. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Paul J. Staso, Special Agent-FBI
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __January 30, 2026__

_____
Judge's signature

City and state: __Detroit, Michigan__    Hon. Kimberly G. Altman, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Paul J. Staso, being duly sworn, depose and state as follows:

## I.  INTRODUCTION

1. I have been employed as a Special Agent of the Federal Bureau of Investigation for five years. I am currently assigned to the Violent Crime Squad in the Detroit Division of the FBI.

2. I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2501(7), that is, an officer of the United States who is empowered by the law to conduct investigations of and to make arrests for the offenses enumerated in 18 U.S.C. § 2516.

3. I have investigated federal violations concerning crimes of violence and firearms. I have gained experience through training and everyday work related to these types of investigations.

4. The statements contained in this Affidavit are based on my experience and background as a special agent and on information provided by police officers, other agents of the FBI, and other law enforcement personnel. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all of facts known to law enforcement related to this investigation.

5.      This affidavit is made in support of a criminal complaint charging Jabari MCMULLIN with carjacking, in violation of 18 U.S.C. § 2119, and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(iii).

## II.     PROBABLE CAUSE

6.      On January 28, 2026, the Detroit Police Department responded to the area of 181XX W Chicago Steet, in the city of Detroit for a carjacking that had just occurred.

7.      When Police arrived they were met by victim T.B. T.B. stated that his 2018 Ford Escape was stolen by a black male who he had met on X..

8.      T.B. arrived at an apartment complex located at 184XX W Chicago around 11:30pm. He sent a text message to cell phone number (313) 454-1995 advising he had arrived. A black male later identified as Jabari McMullin, date of birth 02/XX/XX05, entered T.B's Escape and they drove to a parking lot approximately .5 miles away.

9.      T.B and MCMULLIN were in the parking lot for about 30 minutes before MCMULLIN announced to T.B that he was robbing him.

10.     MCMULLIN produced a pistol and stated "this is one of those situations." He demanded T.B. give him all his money, credit cards, and cell phone. He then requested T. B. open his credit card accounts so he could see how

much money T.B. had. When T. B. was able to open an account McMullin stated "it's about to go down if you don't do what I say."

11. T.B. was able to exit the Escape, and McMullin moved over to the driver's seat. The Escape became stuck in the snow and T.B. reapproached the driver's door. As he pulled on the handle McMullin opened the door, stuck his arm and pistol out the window and fired two shots. T.B. retreated from the vehicle and walked to a gas station to call 911.

### III.  Arrest of McMullin

12. On January 28, 2026, law enforcement was alerted by License Plate Reader (LPR) technology that T.B.'s Escape was captured driving in the area of M39 and Joy Road in the city of Detroit.

13. Law enforcement located the vehicle in the area of 183XX W Chicago and conducted a physical surveillance until Michigan State Police could conduct a traffic stop.

14. At approximately 7:30pm MSP initiated a traffic stop but the sole occupant exited the Escape and attempted to flee on foot. McMullin was apprehended after a short foot pursuit just one block from the Escape.

15. In plain view wedged between the drivers seat and center console of the Escape was a black pistol. A photograph of the pistol is attached below.



## IV.  Interrogation of McMullin

16. An interrogation of McMullin was conducted on January 29, 2026. McMullin was advised of his rights and agreed to speak with interviewing officers.

17. McMullin admitted he decided to rob T.B. since he needed money.

18. McMullin admitted to bringing a pistol and displaying it in the vehicle. McMullin took the keys to the Escape and had T.B give him his credit cards and show him his banking account balances on his cell phone. When McMullin realized T.B. had no money he decided to carjack his vehicle.

19. McMullin admitted that when T.B. attempted to grab the driver's door handle he stuck his arm and pistol outside the door and fired the pistol.

20. McMullin stated he parked the vehicle behind the apartment he was picked up at and didn't drive it again till the night he was arrested. McMullin knew saw the State Police vehicles approaching and "knew he was going to jail" so he

decided to run.

21. McMullin admitted that the pistol located in the Escape was the pistol used in the carjacking.

22. Additionally during a consent search of McMullins cell phone, I observed photographs of McMullin holding the Escape key fob as well as a photo of the Escape dash. Both photographs were taken after the carjacking.

## CONCLUSION

23. On January 27, 2026, McMullin participated in the taking of a motor vehicle from T.B. at gunpoint and through the use of force, violence, and intimidation.

24. The Ford Escape that was taken at gunpoint, and through the use of force, violence, and intimidation, was manufactured in Louisville, Kentucky, outside the state of Michigan. Therefore, the vehicle was "transported in interstate commerce" as recited in 18 U.S.C. § 2119.

25. Based on the above information, probable cause exists that Jabari McMullin took a motor vehicle transported, shipped, or received in interstate commerce from the person or presence of another by force and violence or by intimidation and with intent to cause death or serious bodily harm in violation of 18 U.S.C. § 2119. McMullin discharged a firearm during the carjacking, thus

probable cause exists to believe he violated 18 U.S.C. § 924(c).

26. In consideration of the foregoing, I respectfully request that this Court issue a complaint against Jabari McMullin for his violations of 18 U.S.C. §§ 2119 and 924(c).

Respectfully submitted,

_____
PAUL J. STASO
Special Agent, FBI

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Hon. Kimberly G. Altman
United States Magistrate Judge

Date: January 30, 2026